**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4985

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE JESUS MORA, a/k/a Jose Jesus Nuesslein, a/k/a Joe Mora, a/k/a Jose Jesus Neusslein,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:07-cr-00062-RAJ)

Submitted: April 4, 2008          Decided: April 25, 2008

Before MICHAEL and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin M. Mason, MASON, MASON, WALKER & HEDRICK, P.C., Newport News, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Following a jury trial, Jose Jesus Mora was convicted of three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000), and one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (2000). The district court sentenced him to a total of 84 months' imprisonment, which was above the advisory sentencing guideline range. Mora appeals, challenging the denial of his motion for judgment of acquittal on two counts of the § 922(g)(1) offense, the imposition of an obstruction of justice enhancement, the reasonableness of his sentence, and the imposition of non-mandatory conditions of supervised release. Finding no reversible error, we affirm.

I.

We review de novo a district court's decision to deny a Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court "do[es] not review the credibility of the witnesses and

assume[s] the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).  The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to convict Mora under § 922(g)(1), the Government had to establish that (1) Mora had been previously convicted of a felony, (2) Mora knowingly possessed the firearm, and (3) the possession was in or affecting interstate or foreign commerce.  See United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005).  Mora stipulated to the first and third elements at trial.  Viewing the evidence in the light most favorable to the Government and allowing the Government the benefit of all reasonable inferences therefrom, the evidence showed that Mora traded a stolen Beretta shotgun to a friend in exchange for a Glock 17 pistol with the serial number AHM397US.  On two separate subsequent occasions, witnesses saw Mora wearing a Glock 17 pistol in a holster on his hip.  We conclude that jurors could reasonably convict Mora of the charged offense — possession of the Glock 17 pistol with the serial number AHM397US — on this evidence.

II.

Mora also challenges the district court's enhancement of his sentencing guidelines offense level for obstruction of justice, pursuant to § 3C1.1 of the U.S. Sentencing Guidelines Manual ("USSG"). Mora contends that his Sixth Amendment rights were violated because the facts supporting the sentence enhancement were not proven beyond a reasonable doubt to the jury. However, pursuant to the remedial portion of United States v. Booker, 543 U.S. 220 (2005), district courts will continue to make decisions about sentencing factors on the preponderance of the evidence, taking into account that the resulting Guidelines range is advisory only. See United States v. Morris, 429 F.3d 65, 71-72 (4th Cir. 2005).

As to the district court's obstruction of justice determination, this court reviews findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Pursuant to § 3C1.1, a two-level enhancement for obstruction of justice may be imposed if the defendant:

> willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction . . . .

The evidence shows that after Mora had been arrested on the charged offenses, he engaged in several telephone communications with his

wife regarding the existence of an air pistol that was "nearly identical" to the Glock 17 the witnesses claimed Mora possessed.[*] Mora asked his wife to look at an internet site that sold the air pistol and to ask the friend who had given him the Glock 17 if he was correct that the real Glock 17 and the air pistol were indistinguishable. Mora asked his wife to purchase the air pistol because it was "perfectly legal for a convicted felon to have one" and it would be "exhibit one in [his] defense." Mora discussed at length his desire to put "as much doubt in the jury's mind as possible" as to whether he committed the charged offenses. Based on this evidence, we find the district court's factual findings were not clearly erroneous and they adequately supported a two-point enhancement for obstruction of justice.

### III.

Mora also challenges the reasonableness of his sentence, including the district court's determination that Mora's Guidelines criminal history category did not adequately represent his criminal history or the likelihood that he would commit future offenses.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range.

---

[*]Mora stipulated that the telephone conversations had been lawfully recorded.

It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2000) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473. While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify

imposing a sentence above the Guidelines range and to its determination regarding the extent of any departure. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

Here, the district court followed the necessary procedural steps in sentencing Mora, properly calculating the Guidelines range and considering that recommendation in conjunction with the § 3553(a) factors. In so doing, it granted the Government's motion for an upward departure based on underrepresentation of Mora's lengthy and diverse criminal history and the likelihood that Mora would commit future offenses. However, instead of readjusting Mora's Guidelines range by a particular amount, the district court decided to take those facts into consideration with the § 3553(a) factors in determining its sentence. In light of the facts of this case, and the district court's meaningful articulation of its consideration of the § 3553(a) factors and its bases for departing from the recommended Guideline range, we find the district court's decision to depart, and the extent of the departure, reasonable.

IV.

Lastly, Mora challenges the district court's imposition of certain special conditions of supervised release. Because Mora

failed to object to the conditions of supervised release in the district court, this court reviews them for plain error. See United States v. Alvarez, 478 F.3d 864, 866 (8th Cir. 2007). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of this standard are met, this court may still exercise its discretion to notice the error only "if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736. Under this standard, we find Mora has not met his burden of proving the district court committed plain error in imposing his special conditions of supervised release.

V.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED