[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2012
JOHN LEY
CLERK

No. 11-11453
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00065-VMC-MAP


JOSE MORA,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2012)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

In *United States v. Mora*, 275 Fed. App'x 193 (4th Cir. 2008), the U.S. Court of Appeals for the Fourth Circuit affirmed petitioner Jose Mora's convictions in the Eastern District of Virginia on three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and Mora's total sentence of 84 months' imprisonment.

In February 2011, while incarcerated at FCI Coleman in the Middle District of Florida, Mora petitioned the U.S. District Court for the Middle District of Florida to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering the Bureau of Prisons ("BOP") to eliminate his classification as a sex offender based on what he says is inaccurate information contained in his presentence report ("PSR"). The district court, acting *sua sponte,* dismissed Mora's petition without prejudice in an order entered on March 22, 2011. In its order, the court stated that

> "[a] writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the . . . the traditional function of the writ is to secure release from illegal custody. Further, . . . the BOP cannot make changes to Petitioner's PSR because it is a court document, and the BOP does not have the authority to dispute the sentence imposed by the court. As such, the Court cannot order the requested relief because the remedy is not available."

Mora, proceeding *pro se*, now appeals the district court's dismissal of his

petition. He contends that the court erred in dismissing his petition because a §

2241 petition is the proper way for him to challenge the BOP's decision to classify

him as a sex offender (based on inaccurate information in the PSR).

The availability of relief under § 2241 presents a question of law that we

review *de novo*. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).

Typically, a federal prisoner's collateral attacks on the validity of a federal

conviction or sentence must be brought through the filing of a motion pursuant to

28 U.S.C. § 2255 in the court in which the prisoner was convicted and sentenced.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Given the language of

the district court's March 22, 2011 order quoted above, it appears that the court

read Mora's petition as an attack on his Eastern District of Virginia conviction or

sentence—an attack Mora should present in a § 2255 motion addressed to the

court in which he was convicted.[1] To the extent Mora's petition seeks such relief,

the district court ruled correctly.

In sum, it is only when a federal prisoner is challenging the execution of his

sentence, rather than the validity of his sentence, that he may proceed under

---

[1] It appears that Mora previously moved that court for § 2255 relief. The court denied relief and the Fourth Circuit denied Mora a certificate of appealability so that he could appeal the district court's decision. To file a second § 2255 motion, Mora would have to obtain authorization from the Fourth Circuit to file it. *See* 28 U.S.C. § 2255(h).

§ 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008). Read liberally, Mora's *pro se* petition seems to challenge the execution of his sentence; it seeks a due process hearing regarding BOP's classification of him as a sex offender. The district court, it appears, did not read the petition as seeking such relief. So that the court can proceed under the assumption that the petition challenges the BOP's execution of Mora's sentence, we vacate its March 22, 2011 order and remand the case to the district court for further consideration.

VACATED and REMANDED.[2]

---

[2] We are informed that during the pendency of this appeal, Mora was transferred from FCI Coleman to FCC Yazoo City in Yazoo City, Mississippi. On remand, the district court will have the discretion to determine whether it would be appropriate to transfer this case to the U.S. District Court whose territory includes Yazoo City.