[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13388
Non-Argument Calendar

_____

D.C. Docket Nos.  03-00166-CV-2
89-CR-04037

LEONARD DARBY,

Petitioner-Appellant,

versus

KATHLEEN HAWK-SAWYER

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(February 8, 2005)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Leonard Darby, a Jamaican citizen serving a life sentence for conspiracy to possess with intent to distribute cocaine base, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Darby claimed he was not given an opportunity to contact the Jamaican consulate after his arrest, in violation of Article 36 of the Vienna Convention on Consular Relations (VCCR), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, and the Fifth Amendment of the U.S. Constitution. The district court denied the petition because the claim did not satisfy the requirements of the savings clause in 28 U.S.C. § 2255, such that Darby could file his claim in a § 2241 petition. Darby asserts the district court erred in dismissing his § 2241 petition because: (1) his habeas petition was proper under 28 U.S.C. § 2241 because the jurisdictional language of § 2241 specifically includes alleged violations of "treaties of the United States," while § 2255 does not contain such a provision; and (2) the VCCR confers an individual right to consular assistance. The district court did not err, and we affirm.

## I. DISCUSSION

The availability of habeas relief under § 2241 presents a question of law we review de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). When a

2

prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion. *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996).

A.    *The "Savings Clause" of 28 U.S.C. § 2255*

The "savings clause" of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act's (AEDPA's), Pub. L. No. 104-132, 110 Stat. 1214 (1996), restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999). The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." *Id.* at 1244. To prove an

3

offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. *Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003).

Here, Darby's § 2241 petition was an attempt to circumvent the AEDPA's restrictions on successive § 2255 motions. Darby filed a previous § 2255 motion, which the district court denied with prejudice. Furthermore, before filing this § 2241 petition, Darby filed an application for leave to file a successive § 2255 motion, and we denied his application. A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford*, 177 F.3d at 1245.

Even if Darby's § 2241 petition was not an attempt to circumvent the AEDPA, the district court did not err in dismissing the petition because Darby cannot meet the three-part *Wofford* test to "open a portal" to a § 2241 proceeding. Darby's claim he was not allowed access to the Jamaican consulate is based on an allegation the VCCR confers such an individual right. However, this claim does not meet any of the requirements of the *Wofford* test. Darby's claim is not based on a retroactively applicable Supreme Court decision, and he did not show he was imprisoned for conduct that was not prohibited. *See Sawyer*, 326 F.3d at 1366. Accordingly, Darby is not entitled to relief under the "savings clause" of 28 U.S.C. § 2255.

B.      *Exclusive Relief Pursuant to 28 U.S.C. § 2241*

Section 2241 provides "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or *treaties* of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added).  On the other hand, § 2255 provides relief for federal prisoners on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Section 2255 does not reference treaty violations.

The U.S. Supreme Court has noted "[t]he Vienna Convention . . . *arguably* confers on an individual the right to consular assistance following arrest."  *Breard v. Greene*, 118 S. Ct. 1352, 1355 (1998) (emphasis added).  However, the Supreme Court also pointed out "[e]ven were [such claims] properly raised and proved, it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial."  *Id.*

We need not decide whether § 2241 provides an exclusive remedy or whether the VCCR confers individual rights in order to resolve this case.

5

Assuming *arguendo* that § 2241 applies based on the inclusion of language concerning "treaties" and the VCCR confers an individual right to consular assistance, Darby failed to show the alleged VCCR violation had a prejudicial effect on his trial. *See Breard*, 118 S. Ct. at 1355. Although Darby claimed he was denied the opportunity to contact the Jamaican consulate following his arrest, he did not allege his lack of contact with the consulate affected his trial. Accordingly, Darby is not entitled to relief under 28 U.S.C. § 2241.

## II. CONCLUSION

The district court did not err in dismissing Darby's § 2241 petition.

AFFIRMED.

6