[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 14, 2005**
**THOMAS K. KAHN**
**CLERK**

No.  04-16675
Non-Argument Calendar
_____

D.C. Docket No. 04-20185-CV-FAM

WILLIE REYNOLDS,

                                                             Petitioner-Appellant,

        versus

LOREN GRAYER, Warden,

                                                             Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 14, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

        Federal prisoner Willie Reynolds appeals <u>pro se</u> the denial of his petition for

a writ of habeas corpus under 28 U.S.C. section 2241.  Reynolds contends that,

because his career offender status was not used in the calculation of his sentence under the Sentencing Guidelines, any reference to his status as a career offender violates his right to accurate information and should be deleted from his Presentence Investigation Report and Bureau of Prison records. Because the district court did not have subject matter jurisdiction to reach the merits of Reynolds's petition, we vacate and direct the district court, on remand, to dismiss the petition.

Although the district court did not dismiss Reynolds's petition on jurisdictional grounds, we must examine subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking. <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). We must examine both our jurisdiction and that of the district court. <u>Id</u>. at 409. If we are without jurisdiction, then we will not address the merits of Reynolds's petition.

Section 2241 does not offer Reynolds an avenue for relief. "The 'savings clause' of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is 'inadequate or ineffective' to test the legality of his detention." <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 945 (11th Cir. 2005). The statutory prohibition against filing successive petitions under section 2255 without

our permission does not render Reynolds's remedies under section 2255 inadequate or ineffective for purposes of the savings clause:

> The Antiterrorism and Effective Death Penalty Act's . . . restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.

Id. The district court did not have jurisdiction to consider Reynolds's petition, because he did not meet the requirements of the savings clause of section 2255. We, therefore, vacate the decision of the district court and remand so that the district court may dismiss Reynolds's motion for lack of subject matter jurisdiction.

**VACATED** and **REMANDED.**