**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-10115**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00328-CV-3-RV-MD

WILLIE BRAZILE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

**Appeal from the United States District Court**
**for the Northern District of Florida**

_____

**(November 30, 2005)**

**Before BARKETT, MARCUS and WILSON, Circuit Judges.**

**PER CURIAM:**

Willie Brazile, a federal prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2241, for failure to demonstrate entitlement to proceed under the savings clause of 28 U.S.C. § 2255. Brazile argues on appeal that he properly filed his petition pursuant to § 2241, and the district court erred by denying his petition on the grounds that § 2255's savings clause did not apply, instead of addressing the merits of his claims.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as § 2255's "savings clause," provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes

2

that the remedy provided for under § 2255 is inadequate or ineffective. See id. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1]

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive our authorization before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. We have held that such restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). Consequently, a petitioner who has filed a previous § 2255 motion, which has been denied, may not circumvent the successive-motion rule simply by filing a petition under § 2241. Id. We have established that § 2255's savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

§ 2255 motion." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). In order for a prisoner to avail himself of the § 2241 remedy under <u>Wofford</u>, all three criteria must be satisfied. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. <u>Id.</u> at 1244 n.3.

Brazile is precluded from seeking relief under § 2241 because § 2255's savings clause does not apply. First, it appears that Brazile filed the present § 2241 petition in an effort to circumvent the rules limiting the scope of successive § 2255 motions. Second, Brazile cannot meet the initial prong of the test in <u>Wofford</u> because he has not demonstrated that his claims are based on any retroactively applicable Supreme Court decision, and, thus, we need not address the remaining prongs.

**AFFIRMED.**