[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14813
Non-Argument Calendar

_____

D. C. Docket No. 05-01788-CV-CAM-1

TERRANCE LAMONT MOORE,

Petitioner-Appellant,

versus

G. MALDONADO, JR.,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 3, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Terrance L. Moore appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. The district court found that Moore could not raise his claim in a § 2241 petition because he failed to show under the savings clause of 28 U.S.C. § 2255 that § 2255 was inadequate or ineffective to test the legality of his detention.

Moore presents two issues in this appeal. First, he contends that he was "tried and convicted for acts . . . which Congress did not make criminal" because one of the institutions he was charged with robbing did not meet all three prongs of the definition a "bank" under the Federal Bank Robbery Act, 18 U.S.C. § 2113(f). Second, he contends that the district court incorrectly dismissed his petition, because 28 U.S.C. § 2255's savings clause is "for actual innocence claims based on new evidence[,] . . . particularly when, as here, [his] claim could not be presented in a § 2255 petition in the first instance since § 2255 does not allow for the presentation of such claims."

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255, which allows a prisoner to attack a federal conviction or sentence as, inter alia, a violation of the United States

Constitution, or "otherwise subject to collateral attack." Id.; 28 U.S.C. § 2255.

However, that section severely restricts the circumstances in which a second or subsequent motion can be filed. See 28 U.S.C. § 2255 ¶8. Moore admitted that he has already presented the central claim of this petition—the bank definition/actual innocence claim—in a § 2255 motion that was denied as a second or successive motion because it did not fit within the requirements of such a motion.

In filing this petition, Moore relies on a provision of § 2255 that permits a federal prisoner to file a petition under 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as § 2255's "savings clause," provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added).

However, the savings clause applies only when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should

3

have been raised at the petitioner's trial, appeal, or first § 2255 motion." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). Section 2255's strict limitations on successive motions alone "do not render that section 'inadequate or ineffective' within the meaning of the savings clause." <u>Darby</u>, 405 F.3d at 945. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." <u>Wofford</u>, 177 F.3d at 1245. Finally, before a prisoner may argue actual innocence, he must "open the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. <u>Id.</u> at 1244 n. 3.

Moore's present petition and its claim clearly does not fit within the savings clause, as interpreted in <u>Wofford</u>. Accordingly, we affirm the district court's dismissal of it.

**AFFIRMED.**