[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15121
Non-Argument Calendar

_____

D. C. Docket No. 05-22074-CV-UUB

COLEY QUINN,

Petitioner-Appellant,

versus

JORGE PASTRANA, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2006)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Coley Quinn, a federal prisoner, appeals pro se the dismissal of his section

2241 petition for writ of habeas corpus. Because the district court correctly concluded that the savings clause provision of section 2255 does not apply to Quinn's petition, we affirm.

The availability of habeas corpus relief under section 2241 is a question of law we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Under the "'savings clause' of [section] 2255 . . . a prisoner [may] file a [section] 2241 petition only if an otherwise available remedy under [section] 2255 is 'inadequate or ineffective' to test the legality of his detention. Id. at 945. We have held that the savings clause only applies if the petitioner can satisfy three elements.

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

The savings clause does not apply to either claim raised in Quinn's petition. Quinn argues that his sentence was calculated in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and that his conviction for using or carrying a firearm is invalid under Arthur Anderson, L.L.P. v. United States, 544 U.S. 696, 125 S. Ct. 2129 (2005). Both claims fail. First, because Booker is not a

2

retroactively applicable Supreme Court decision, <u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir. 2005), Quinn cannot satisfy the first element required for the savings clause to apply to his <u>Booker</u> claim.  Second, Quinn's <u>Arthur Anderson</u> claim fails because, although <u>Arthur Anderson</u> might apply retroactively, <u>Arthur Anderson</u> interpreted section 1512(b) and is not relevant to section 924(c), the provision under which Quinn was convicted.  In addition, even if <u>Arthur Anderson</u> was applicable in Quinn's case, Quinn's claim would still fail because <u>Arthur Anderson</u> did not establish that Quinn was convicted of a nonexistent offense. Quinn's assertion that he is not guilty of the offense does not establish that the offense does not exist.

The dismissal of Quinn's section 2241 petition is

**AFFIRMED.**