[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2007
THOMAS K. KAHN
CLERK

No. 07-11158
Non-Argument Calendar

_____

D. C. Docket No. 07-00022-CV-F-N

PATRICK LAVENDER,

Petitioner-Appellant,

versus

DARLENE DREW,
Warden,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(July 27, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Patrick Lavender, a <u>pro</u> <u>se</u> federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which he argued that the sentencing court lacked personal jurisdiction over him because he was seized without due process of law. The district court determined that §2255's "savings clause" was not available to allow him to file under § 2241.

We review the availability of habeas relief under § 2241 <u>de</u> <u>novo</u>. <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 944 (11th Cir. 2005). Typically, a collateral attack on a federal conviction or sentence must be brought under § 2255. <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). Under limited circumstances, however, a provision of § 2255, known as the "savings clause," permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241 after the limitation period if a petition under §2255 is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. §§ 2241(a), 2255 ¶ 5. We have held that the savings clause only applies when the petitioner shows

> 1) that the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of the Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

2

<u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Here, Lavender is precluded from seeking relief under § 2241 because § 2255's "savings clause" does not apply. He has failed to satisfy the first prong of the <u>Wofford</u> test because his claim is not based on a retroactive Supreme Court decision, and we need not address the remaining prongs. <u>See</u> <u>Wofford</u>, 177 F.3d at 1244-45. After careful review of the record and the briefs of both parties, we discern no reversible error.

**AFFIRMED.**