[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11500
Non-Argument Calendar

_____

D. C. Docket No. 03-00457-CV-OC-10-GRJ

EUGENE A. FISCHER,

Petitioner-Appellant,

versus

STAN YATES,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 1, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Eugene Fischer, a federal prisoner, appeals the dismissal of his petition for a writ of habeas corpus. Fischer challenges his conviction and sentence for participating in a continuing criminal enterprise ("CCE"). See 21 U.S.C. § 848. He argues that his conviction was contrary to the decision of the Supreme Court in Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707 (1999), and newly discovered evidence establishes his actual innocence. Fischer contends that he is entitled to habeas relief under section 2241 based on the savings clause of section 2255. 28 U.S.C. §§ 2241, 2255. Because the district court correctly concluded that the savings clause of section 2255 does not apply to Fischer's petition, we affirm.

The availability of habeas corpus relief under section 2241 is a question of law we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Under the "'savings clause' of [section] 2255 . . . a prisoner [may] file a [section] 2241 petition only if an otherwise available remedy under [section] 2255 is 'inadequate or ineffective' to test the legality of his detention." Id. at 945. We have held that the savings clause applies to a claim only when "1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time

2

it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). If a prisoner qualifies for the savings clause, the proper inquiry is whether the petitioner can establish actual innocence. Id. at 1244 n.3.

The only Wofford requirement at issue is whether Fischer was convicted for a nonexistent offense. Fischer argues that, because Richardson changed the elements of his offense, he was convicted of a nonexistent offense. We disagree.

Fischer's argument is foreclosed by our decision in Sawyer v. Holder, 326 F.3d 1363 (11th Cir. 2003). We expressly held in Sawyer that "a Richardson claim is not the type of defect that opens the portal to a [section] 2241 proceeding." Id. at 1366. We explained that "[t]he conduct necessary to [establish] a CCE offense is the same post-Richardson." Id. "Richardson clarified the standard by which a jury must find a defendant guilty of a CCE offense, but it did not invalidate CCE offenses." Id. Although Fischer correctly observes that his appeal differs from Sawyer because, unlike the defendant in Sawyer, Fischer did not have any substantive convictions that provided assurance that the jurors unanimously agreed on the specific violations underlying his CCE conviction, our statement in Sawyer that Richardson claims do not open the portal to section 2241 proceedings was unqualified. The district court correctly dismissed Fischer's petition.

3

Fischer's argument that his claim of actual innocence should open the gateway to a section 2241 petition is also unavailing. In <u>Wofford</u>, we explained that a claim of actual innocence claims is considered after the portal to a section 2241 proceeding is opened. 177 F.3d at 1244 n.3. A claim of actual innocence is not an exception to the requirement that a petitioner first qualify under <u>Wofford</u> for the savings clause.

The denial of Fischer's petition is

**AFFIRMED.**