[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13231
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00262-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO HERNANDEZ, JR.,
a.k.a. Tony, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 11, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Antonio Hernandez, Jr., a federal prisoner proceeding pro se, appeals the district court's denial of his motion for relief from his criminal judgment. Hernandez was convicted under a third superseding indictment of conspiracy to commit murder for hire, arson, and mail fraud, in violation of 18 U.S.C. § 371; use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958; and arson, in violation of 18 U.S.C. § 844(i). The district court's docket sheet reflected Hernandez's convictions, and it also indicated that all of the counts that were charged in the original indictment had been dismissed. In his motion and in this appeal, Hernandez interprets the docket sheet to mean that the district court dismissed all of the charges against him, which would mean that he is serving time for a "non-conviction." On that basis he argues that the district court should have granted his motion for relief from judgment.

Although Hernandez did not state under which statute or rule he was bringing this claim, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). If we construe Hernandez's motion to dismiss that way, that motion is itself due to be dismissed because Hernandez had previously filed two § 2255 motions in the district court, which forecloses him from filing another one without our authorization to do so. See 28 U.S.C. § 2244(b)(3)(A).

2

In any event, and regardless of how the motion is construed, it utterly lacks merit. The docket sheet, on which Hernandez relies, shows that he was convicted of, and sentenced on, Counts 1, 2, and 3 of the superseding indictment. The Counts 1, 2, 3, 4-11, and 12 that the docket sheet shows were dismissed were counts of the original indictment, not counts of the superseding indictment.

**AFFIRMED.**