[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2011
JOHN LEY
CLERK

No. 10-14411
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00077-WTH-GRJ

PATRICK BASS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP II,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2011)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Patrick Lemuel Bass, a pro se federal prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Following Bass's federal conviction, the Federal Bureau of Prisons temporarily transferred him to the custody of Georgia to face state charges for which he was ultimately convicted. In his § 2241 petition, Bass attacked the validity of that state conviction on the ground that he had been improperly transferred to state custody. Specifically, he argued that the writ of habeas corpus ad prosequendum authorizing the transfer did not contain an official seal and did not address the correct federal correctional facility and warden. The district court denied Bass's petition, finding that even if the transfer was improper, that would not invalidate the state conviction.[1]

We agree with the district court that, even if Bass's transfer to state custody was improper, that would not invalidate his state conviction. As the government explains, a defendant forcibly abducted by the government for purposes of bringing him in the court's presence will not impair that court's power to try him. See United States v. Alvarez-Machain, 504 U.S. 655, 660–62 (1992). It stands to reason, as the district court did here, that because even a forcible abduction would

---

[1] "The availability of habeas relief under § 2241 presents a question of law we review de novo." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).

2

not entitle Bass to relief, neither do the technical form defects about which he complains. To the extent Bass seeks to collaterally attack his federal conviction, he has failed to satisfy the savings clause in 28 U.S.C. § 2255(e). See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). Accordingly, we affirm the denial of Bass's § 2241 petition.

**AFFIRMED.**