[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13924
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00092-DHB-WLB

JUAN MANUEL ORTIZ-ALVEAR,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent,

WALT WELLS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 14, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* petitioner-appellant Juan Manuel Ortiz-Alvear appeals the district court's denial of his habeas petition, brought under 28 U.S.C. § 2241. On appeal, Ortiz-Alvear argues that the Supreme Court narrowed the scope of the federal money laundering statute, 18 U.S.C. § 1956(a)(2), in *Cuellar v. United States*, 553 U.S. 550 (2008), which rendered him actually innocent of his money laundering conviction. He explains that 28 U.S.C. § 2255 was inadequate to challenge his conviction based on the retroactive application of *Cuellar* because he had previously filed a § 2255 motion. After a thorough review of the record, we affirm.

In 1995, Ortiz-Alvear was convicted in the Eastern District of New York for conspiracy to commit a drug offense, structuring financial transactions to avoid currency reporting requirements, and money laundering. His convictions were affirmed on direct appeal, and in 1998 he filed an unsuccessful motion to vacate under 28 U.S.C. § 2255.

He was later transferred to a facility in the Southern District of Georgia and in 2009, Ortiz-Alvear filed the instant § 2241 petition, arguing that he was actually innocent of the money laundering charges because the Supreme Court's decision in *Cuellar* narrowed the definition of money laundering so that it no longer covered his conduct. Because he had previously filed a § 2255 motion, he argued

2

that he was entitled to relief under § 2241 via the savings clause in § 2255. The district court, adopting the magistrate judge's recommendation, denied relief on the ground that the Supreme Court had not identified *Cuellar* as retroactively applicable. This appeal followed.

We review *de novo* the availability of habeas relief under § 2241. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Title 28 U.S.C. § 2255(e)—the "savings clause"—"permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.* at 945 (quotation omitted). Statutory restrictions on "successive § 2255 motions, standing alone, do not render that section inadequate or ineffective within the meaning of the savings clause. Thus, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by" requesting relief under § 2241. *Id.* (quotation omitted). As this court has explained,

> [t]he savings clause of § 2255 [only] applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In order for a prisoner to

avail himself of the § 2241 remedy via the savings clause, he must meet all three criteria articulated in *Wofford*. *See* 177 F.3d at 1244.

When the Supreme Court announces a new rule, that rule is generally only applicable to criminal cases pending on direct review. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). But new substantive rules, including decisions that narrow the scope of a criminal statute by interpreting its terms, generally apply retroactively to cases on collateral review. *Id.* at 351-52; *see also United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) (stating that "[d]ecisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect.").

Ortiz-Alvear was convicted under the federal money laundering statute, 18 U.S.C. § 1956, which "prohibits specified transfers of money derived from unlawful activities." *Cuellar v. United States*, 553 U.S. 550, 556 (2008). Under subsection (a)(2), it is unlawful to transfer funds "knowing that the transaction is designed in whole or in part-- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law." 18 U.S.C. § 1956(a)(2). In *Cuellar*, the Supreme Court interpreted the term "designed" to narrow § 1956's scope, holding that, in a prosecution for

4

concealment money laundering, "*how* one moves the money is distinct from *why* one moves the money." *Id.* at 566 (emphasis in original). The Supreme Court thus held that merely hiding funds during transportation was not a violation of the statute and that the government must prove that the transportation had the purpose of concealing the source or ownership of the funds. *Id.* at 568.

Ortiz-Alvear argues that the Supreme Court's narrow interpretation renders him actually innocent of his money laundering conviction.[1] Under the third *Wofford* criterion, Ortiz-Alvear may only "open a portal" to a § 2241 proceeding if "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." *Darby*, 405 F.3d at 945. Because Ortiz-Alvear's direct appeal and first § 2255 were governed by the law of the Second Circuit, it is that circuit's law that must have "squarely foreclosed" Ortiz-Alvear's claim at the time it otherwise should have been raised.

Here, the government concedes, and we agree, that *Cuellar* is retroactively applicable to cases on collateral review because it established a new substantive rule of criminal law. But Ortiz-Alvear is not entitled to relief because he must

---

[1] Ortiz-Alvear's passing references to the Suspension Clause and to the concurrent sentence doctrine are insufficient to raise any argument on appeal. *See Chavis v. Clayton County Sch. Dist.*, 300 F.3d 1288, 1291 n.4 (11th Cir. 2002) (confirming that "a passing reference in an appellate brief is insufficient to raise an issue"). Therefore, we decline to address them.

5

meet all three criteria articulated in *Wofford* to avail himself of the savings clause, *see Wofford*, 177 F.3d at 1244, and Ortiz-Alvear cannot show that Second Circuit law squarely foreclosed his claim at the time of his direct appeal or first § 2255 motion to vacate.[2]

Second Circuit precedent did not "squarely foreclose" Ortiz-Alvear's claim—that he did not violate § 1956(a)(2)(B)(i) by simply hiding funds during transportation—until at least 2006, when the court of appeals decided *United States v. Gotti*, 459 F.3d 296 (2d Cir. 2006) and *United States v. Ness*, 466 F.3d 79 (2d Cir. 2006), *vacated by Ness v. United States*, 553 U.S. 1091 (2008). Prior to 1998, the year in which Ortiz-Alvear filed his § 2255 motion to vacate in the Eastern District of New York, no circuit precedent squarely foreclosed Ortiz-Alvear's claim. Thus, Ortiz-Alvear has failed to "open a portal" to a § 2241 proceeding via the savings clause in § 2255 because he has not met the third prong of the *Wofford* test.

**AFFIRMED.**

---

[2] We may "affirm for any reason supported by the record, even if not relied on by the district court," *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778 n.3 (11th Cir. 2002).