[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14175
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00363-WTH-GRJ

FRANKIE D. MILLER,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Frankie Miller, a *pro se* federal prisoner, appeals the district court's

dismissal of his petition for writ of habeas corpus attacking his convictions and sentences for money laundering and controlled substance offenses, filed pursuant to 28 U.S.C. § 2241. The district court found that Miller could not proceed under § 2241 because he had filed a prior 28 U.S.C. § 2255 motion that was denied on the merits, and the savings clause of § 2255 did not apply to allow him to proceed under § 2241.[1]

"Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under the savings clause of § 2255, a prisoner may file a § 2241 petition in limited circumstances—if the petitioner establishes that § 2255's remedy is inadequate or ineffective to test the legality of his detention. *Id.* To meet this standard, a petitioner must show that: (1) his claim is based upon a retroactively applicable U.S. Supreme Court decision; (2) the holding of the U.S. Supreme Court decision established that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, direct appeal, or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th

---

[1] We review the availability of habeas relief under § 2241 *de novo*. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).

2

Cir. 1999). Only if the petitioner "opens the portal" to a § 2241 petition by establishing these three elements may he proceed to argue the merits of his claim. *See id*. at 1244 n 3.

In addition, if a federal prisoner previously filed a § 2255 motion that was denied or dismissed with prejudice, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h); *Darby*, 405 F.3d at 945. The restrictions on successive § 2255 motions do not, by themselves, render that section inadequate or ineffective. *Darby*, 405 F.3d at 945. Thus, a petitioner who previously filed a § 2255 motion to vacate cannot circumvent the successive motion restrictions by simply filing a § 2241 petition. *Id*.

Applying these standards, the district court properly dismissed Miller's § 2241 petition. Because Miller previously filed a § 2255 motion, which was denied on the merits, he could not again seek relief pursuant to § 2255 without obtaining prior authorization from this Court, which he did not do. Nor can Miller seek relief under § 2241 because he has not identified as the basis of any claim a retroactive Supreme Court decision that establishes he was convicted of a non-existent offense, nor has he asserted any legal claim that was unavailable to him at the time he filed his previous § 2255 motion. Thus, he has failed to show that the

§ 2255 savings clause applies to "open the portal" to a § 2241 proceeding.

**AFFIRMED.**