[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15161
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-02482-TWT


ANTHONY MATTOX,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 21, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Mattox, proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Mattox pleaded guilty to, and was convicted of, conspiracy to possess crack cocaine with intent to distribute, and the district court sentenced him to 190 months imprisonment. Mattox filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which the court dismissed. He then filed a § 2241 habeas corpus petition, contending that the court had improperly enhanced his guidelines range as a career offender under United States Sentencing Guidelines § 4B1.1 (Nov. 2002). The court also dismissed that petition, and this is Mattox's appeal.

We review de novo the availability of relief under 28 U.S.C. § 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). "Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam). "When a prisoner has previously filed a § 2255 motion . . . , he must apply for and receive permission from us before filing a successive § 2255 motion." Id. at 945; see 28 U.S.C. § 2255(h). But § 2255 permits a federal prisoner to file a § 2241 habeas corpus petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[C]onsequently, a petitioner who has filed and been denied a

2

previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby, 405 F.3d at 945.

In Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (en banc), we held that § 2255(e) does not permit a "federal prisoner to challenge his sentence in a 28 U.S.C. § 2241 [habeas corpus] petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions. . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum." We have not granted Mattox permission to file what would be his second § 2255 motion, and his 190-month prison sentence is below the statutory maximum of 40 years, see 21 U.S.C. §§ 841(b)(1)(B)(iii), 846. The district court did not err in dismissing Mattox's § 2241 habeas corpus petition.

**AFFIRMED.**[1]

---

[1]Mattox's request for appointment of counsel is **DENIED** as moot.