[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10077
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:11-cv-00326-WTH-TBS

JAMAIL JAMES HOGAN,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP II,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jamail James Hogan appeals *pro se* the district court's dismissal of his 28

U.S.C. § 2241 petition for a writ of habeas corpus. Because Hogan's petition was not permissible under the "savings clause" of 28 U.S.C. § 2255, we affirm.

Hogan was convicted in 2006 of various federal conspiracy, robbery, carjacking, and firearm offenses, and his convictions became final on March 3, 2008. *See United States v. Hogan*, 253 F. App'x 889 (11th Cir. 2007) (unpublished), *cert. denied*, 128 S. Ct. 1488 (2008). Hogan had one year from that date to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). On March 31, 2010, Hogan filed a § 2255 motion, arguing that his motion was timely under § 2255(f)(2) because, even though it was filed more than a year after his judgment of conviction became final, "governmental action" prevented him from filing a § 2255 motion within the limitations period. Specifically, he asserted that he was in state custody on state charges from October 31, 2006 until March 12, 2009, where he was unable to pursue federal post-conviction remedies.

The district court dismissed Hogan's § 2255 motion as time-barred because the alleged governmental action was not "in violation of the Constitution or laws of the United States" as required by § 2255(f)(2). Further, even if the statute of limitations began to run on March 12, 2009, Hogan's motion, filed more than a year thereafter, was time-barred. Hogan appealed, but the district court and this

court declined to issue a certificate of appealability.[1]    Hogan then sought leave of this court to file a second or successive § 2255 motion.  We denied his request.[2]

In June 2011, Hogan filed a § 2241 petition, raising the same arguments he raised in his previous § 2255 motion.  He argued that the court should consider his arguments because he was prevented from filing a timely § 2255 motion while he was in state custody awaiting and undergoing trial.  And he contended that he was entitled to relief under the "savings clause" of § 2255(e) because § 2255 was "inadequate or ineffective" to test the legality of his detention and because he was actually innocent. The district court dismissed the petition, finding that Hogan's history of § 2255 motions made him unable to pursue relief under § 2241, and that Hogan's § 2241 petition was not proper under the § 2255 savings clause.  This is Hogan's appeal.

The availability of habeas relief under § 2241 is a question of law that we review *de novo*.  *Darby v. Hawk-Sawyer*, 405 F.3d 924, 944 (11th Cir. 2005).  Generally, a prisoner must collaterally attack his conviction or sentence under § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  If, however, a remedy under § 2255 "is inadequate or ineffective to test the legality of [the

---

[1] *See Hogan v. United States*, No. 10-11744 (11th Cir. July 23, 2010).

[2] *See In re Hogan*, No. 10-15977 (11th Cir. Jan. 28, 2011).

prisoner's] detention," a prisoner may file a § 2241 petition. 28 U.S.C.

§§ 2241(a), 2255(e). A petitioner is not entitled to take advantage of this "savings

clause" when he is "attempting to use § 2241 simply to escape the restrictions on

second or successive § 2255 motions." *Wofford v. Scott*, 177 F.3d 1236, 1244

(11th Cir. 1999).

Hogan contends that his § 2241 petition should proceed because the statute

of limitations on his original § 2255 motion expired while he was in state custody,

where he did not know about post-conviction relief and did not have access to

research resources. Thus, he argues, § 2255 is inadequate or ineffective to test the

legality of his detention. But Hogan previously made these same arguments about

the timeliness of his petition, and we denied relief. And we have denied his

request to file a second or successive petition based, again, on these same

arguments.[3] It is therefore evident that Hogan's § 2241 petition is an attempt to

circumscribe our restrictions on second or successive § 2255 motions. This is not

a valid reason to employ the savings clause. *Wofford*, 177 F.3d at 1244.

Further, to the extent Hogan argues that he must be permitted to file a

§ 2241 petition because of his actual innocence, his contention is foreclosed by

---

[3] *See Hogan*, No. 10-11744, slip op. at 1-2 (11th Cir. July 23, 2010) ("Hogan's motion plainly is barred by the one-year statute of limitations in § 2255(f)(2), (2), and he has not shown extraordinary circumstances warranting equitable tolling.").

*Wofford*, in which we stated that a petitioner may not argue actual innocence until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause of § 2255 applies.  177 F.3d at 1244 n.3.

Because we find that the district court correctly dismissed Hogan's § 2241 petition for a writ of habeas corpus, we affirm.

**AFFIRMED.**