[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13488
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00453-WTH-TBS


HENRY LEE WHITE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Henry White, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  White contends that his sentences for one count of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime were improperly imposed and that he can raise those claims under the savings clause.

## I.

White was indicted in 1998 on one count each of:  (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and (3) using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The indictment did not specify the quantity of cocaine base involved in the charged offenses.  A jury found White guilty of counts 2 and 3.  The sentencing judge found that White was responsible for 50.9 grams of cocaine base and sentenced him to 360 months imprisonment on count 2 and a consecutive term of 60 months imprisonment on count 3.  White's sentence on count 2 was later reduced to 280 months imprisonment because of his substantial assistance to the government.

In 1999 White filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel because his counsel did not file

2

an appeal as he had asked.  That motion was granted and White was allowed to file an appeal of his convictions and sentence, but that appeal was ultimately dismissed as untimely.  Then in December 2005 White filed a second § 2255 motion asserting that his sentence was imposed in violation of his Fifth and Sixth Amendment rights because the judge, not the jury, found that he was responsible for 50.9 grams of cocaine base.  That motion was denied as untimely.

In 2010 White filed this habeas petition under 28 U.S.C. § 2241, contending that:  (1) he is actually innocent of his sentence of 280 months imprisonment for possession of cocaine base with intent to distribute because the judge, not the jury, found that he was responsible for 50.9 grams, and absent that factual finding, the statutory maximum term of imprisonment was 20 years; (2) the sentencing court improperly applied the career offender enhancement because he had never been sentenced to more than one year imprisonment for a drug offense; (3) the sentencing court erred in calculating the applicable guidelines range because it incorrectly computed his criminal history points; and (4) he is entitled to a sentence reduction under the Fair Sentencing Act of 2010.  The district court dismissed the petition as an unauthorized second or successive petition and found that White could not bring his sentencing claims in a § 2241 petition under the savings clause. This is White's appeal.

II.

3

We review de novo the availability of habeas relief under § 2241. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). A collateral attack on a federal sentence typically must be brought under 28 U.S.C. § 2255, Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2000), which generally bars second or successive motions without prior authorization, 28 U.S.C. § 2255(h). Notwithstanding that bar, the savings clause allows a prisoner to file a habeas petition under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause, however, does not allow a federal prisoner to challenge his sentence in a § 2241 petition, at least when the sentence does not exceed the statutory maximum that would have applied but for the claimed error. Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (en banc).

White contends that the statutory maximum that applied to his conviction for possession of cocaine base with intent to distribute is 20 years and that he was sentenced to a longer term of imprisonment only because the sentencing judge found that he was responsible for 50.9 grams. That is wrong. At the time he was sentenced, White had previously been convicted of four felony drug offenses, each of which carried a maximum penalty of 30 years imprisonment.[1] Because White had four prior felony drug convictions, the statutory maximum term of

---

[1] White contends that he had not previously been convicted of a "felony drug offense" because he had never served more than one year in prison for a drug offense. We reject that contention because a "felony drug offense" is defined as a drug offense "that is punishable by imprisonment for more than one year," regardless of how much time is actually served. 21 U.S.C. § 802(44) (emphasis added).

imprisonment for possession of cocaine base with intent to distribute was 30 years, not 20.  See 21 U.S.C. § 841(b)(1)(C) ("If any person commits [possession of cocaine base with intent to distribute] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years. . . .") (emphasis added).  That is so without regard to the quantity of drugs he was responsible for.  See United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001) (stating that the 30-year statutory maximum of § 841(b)(1)(C) applies "even without a specific drug-quantity finding").

The district court correctly concluded that White cannot bring this petition under § 2241.  He challenges only the length of his sentence, but it did not exceed the statutory maximum.  Even if there was error at his sentencing, the savings clause does not apply to White's claims and his § 2241 petition was not properly before the district court.

**AFFIRMED**.