[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12930
Non-Argument Calendar
_____

D.C. Docket No. 2:03-cr-14028-KMM-1


EDGAR JOE SEARCY,

                                                      Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Edgar Searcy, proceeding *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 and for relief under 28 U.S.C. § 1651.  After careful review, we affirm in part, vacate in part, and remand with instructions to dismiss Searcy's § 2241 petition for lack of jurisdiction.

As relevant to this appeal, Searcy pleaded guilty in September 2003 to one count of using interstate commerce to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2422(b), and was sentenced to 180 months' imprisonment.  In 2006, he filed a motion to vacate his sentence under 28 U.S.C. § 2255.  The district court dismissed the petition, finding Searcy's claims procedurally barred.  Searcy filed the instant petition in 2012, arguing that his guilty plea was involuntary because the district court did not adequately inform him of the statutory maximum sentence.  A magistrate judge prepared a report and recommendation, which the district court adopted, concluding that Searcy's petition should be denied because he "has not made a substantial showing of any kind that he was not fully informed of the possible penalties he was facing" by pleading guilty.  This is Searcy's appeal.

Searcy advances a different argument on appeal.[1]  He argues that habeas relief is appropriate because the district court applied the incorrect statutory

---

[1] We typically do not consider claims that are raised for the first time on appeal.  *Dohrmann v. United States*, 442 F.3d 1279, 1282 (11th Cir. 2006).  But here, because the government did not argue that Searcy's argument is forfeited, we decline to treat it as such.

maximum sentence.[2]  "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).  To proceed under § 2241, Searcy bears the burden of demonstrating that "the § 2255 remedy is inadequate or ineffective to test the legality of his detention."  *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (internal quotation marks omitted).  This threshold showing is a jurisdictional requirement; where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 petition.  *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013).

Searcy did not argue, either before the district court or on appeal, that § 2255 was inadequate or ineffective to test the legality of his detention.  And on the record before us, we have no reason to conclude it would be.  Hence, the district court lacked jurisdiction to consider his § 2241 petition.  *See id.*  We therefore **VACATE** the district court's denial of Searcy's § 2241 petition and **REMAND** to the district court with instructions to dismiss the § 2241 petition.[3]

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[2] Searcy also contends that the United States Attorney violated his oath of office.  This argument is meritless.

[3] To the extent Searcy has argued and properly preserved a claim under 28 U.S.C. § 1651, we **AFFIRM** the district court's denial of this claim because the district court correctly concluded that Searcy's sentence was not above the statutory maximum sentence for using interstate commerce to engage in sexual activity with a minor.