[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-13655
Non-Argument Calendar
_____

D.C. Docket No. 4:06-cr-00021-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GANGSTA`KO-LOFF BISHOP GOSPIDON,
a.k.a. DERRICK JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 11, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gangsta Gospidon, proceeding pro se, appeals the district court's grant of his request for a sentence reduction, pursuant to the First Step Act of 2018. He contends the district court erred in reducing his total sentence because the court miscalculated his guideline range. Gospidon also argues that his attorney, during his 2006 sentencing hearing, was ineffective for failing to object to drug quantities attributable to him and that his felon in possession of a firearm conviction should be reversed in light of *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019). The government has moved for summary affirmance as to Gospidon's first contention and argues that this Court lacks jurisdiction to consider Gospidon's latter contentions. We grant the government's motion and summarily affirm on that first contention, and conclude that we lack jurisdiction over Gospidon's latter contentions.[1]

Summary disposition is appropriate where a party's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

---

[1] We do not discuss these latter contentions further, as they were never raised in the context of Gospidon's motion for a reduction in his total sentence—nor could they have been—and they are not noticed in Gospidon's notice to appeal. *See Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989). Additionally, these contentions would be more properly raised in a 28 U.S.C. § 2255 motion, not an appeal challenging the district court's grant of a sentence reduction. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam).

[2] In *Bonner v. City of Prichard*, we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Under the First Step Act, a court may, but is not required to, reduce sentences for qualifying offenses as if the Fair Sentencing Act was in effect at the time the defendant committed the covered offense. Pub. L. No. 115-391, § 404(b)–(c), 132 Stat. 5194, 5222 (2018).

The 2005 career offender guidelines provide that if a defendant is a career offender and is convicted of an 18 U.S.C. § 924(c) offense along with other offenses, the minimum guideline range is 360 months to life if no reduction for acceptance of responsibility was included. U.S.S.G. § 4B1.1(c)(2)–(3).

The district court did not err in granting Gospidon's motion for a sentence reduction under the First Step Act. For one, the First Step Act does not explain that the district court must recalculate a defendant's guideline range for purposes of a sentence reduction under it. But even assuming the district court was supposed to recalculate Gospidon's guideline range, and assuming the district court calculated a higher-than-correct range based on the § 4B1.1(c)(2)(A) formula, we still see no error. This is because the district court stated that it was going to treat Gospidon's guideline range as the lower calculation of 360 months to life. Gospidon does not indicate that his guideline calculation should be lower; nor could he—the district court used the lowest possible applicable guideline range. *See* § 4B1.1(c). The court subsequently reduced his total sentence by 12 years from 444 months to 300 months. Gospidon does not otherwise explain why his

new 300-month sentence should have been lower, and thus fails to show that the court erred in some way.

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** its motion for summary affirmance of the district court's order granting Gospidon's motion to reduce his sentence and **DENY** as moot its motion to stay the briefing schedule.  We also **DISMISS** this appeal as it pertains to Gospidon's arguments concerning the ineffective assistance of his counsel and whether his felon-in-possession-of-a-firearm charge should be vacated.