[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 09-16180
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-22496-CV-JIC
02-20130 CR-JIC

TIRAS N. HARDY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(October 19, 2011)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Tiras Hardy appeals the district court's denial of his Federal Rule

of Civil Procedure 60(b) motion to vacate the judgment denying his previously

filed 28 U.S.C. § 2255 motion. In this appeal, Hardy argues that the district court erred in (1) denying his Rule 60(b) motion on the ground that the motion was in substance a successive § 2255 motion; and (2) denying his request to treat his Rule 60(b) motion as a petition pursuant to 28 U.S.C. § 2241. For the reasons that follow, we affirm.

## I.

In the underlying criminal prosecution, Hardy was charged with and pled guilty to two substantive counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. The district court sentenced Hardy as a career offender in light of a prior conviction for carrying a concealed weapon, which at the time constituted a qualifying crime of violence under U.S.S.G. § 4B1.1, and based on a prior conviction for possession of cocaine with intent to distribute. There is no dispute as to whether Hardy did in fact commit these two offenses. Due to the career offender designation, Hardy's criminal history designation increased from V to VI, and his base offense level increased from level 26 to 32, which the district court reduced to 29 based on Hardy's acceptance of responsibility for his crimes. The guideline range for a base offense level of 29 was 151 to 188 months of imprisonment. Without career offender status, Hardy would have had a base offense level of 23 and a criminal history category of V,

2

which would have made the guideline range for his sentence 84 to 105 months.

The district court subsequently sentenced Hardy to 151 months of incarceration.

Hardy appealed his sentence and claimed that his classification as a career

offender was erroneous because a conviction for carrying a concealed weapon was

not a qualifying crime of violence under U.S.S.G. § 4B1.1. This court affirmed.

After this court denied his appeal, Hardy filed a motion to vacate his

sentence under 28 U.S.C. § 2255[1]. In this motion, Hardy again raised his claim

that his classification as a career offender was in error because his prior conviction

for carrying a concealed weapon was not a crime of violence. The district court

denied this motion, and Hardy did not appeal. Thereafter, Hardy filed a Rule

60(b)(5) motion which he entitled "Motion to Vacate Judgment, Entered and

Resting on a Legal Principle After the Supreme Court's Abrogation that Can No

Longer Under Those Bases Be Sustained." In this motion, he asserted that in light

of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.

Ct. 1581 (2008), and this court's decision in *United States v. Archer*, 531 F.3d

1347 (11th Cir. 2008)[2], he is "actually innocent" of being a career offender and

---

[1] This section allows federal prisoners to claim a right to be released from imprisonment on the grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

[2] This court in *Archer* held that a conviction for carrying a concealed firearm is not a crime of violence for the purposes of career offender enhancement in determining the sentence of a federal prisoner in accordance with the Federal Sentencing Guidelines. *Archer*, 531 F. 3d at 1352.

was thus improperly sentenced. However, the district court characterized Hardy's motion as a successive motion to vacate brought under 28 U.S.C. § 2255 and not as a Rule 60(b) motion to vacate the sentence. Therefore, the district court dismissed Hardy's motion for lack of subject matter jurisdiction because his motion did not meet the requirements of the savings clause– which allows prisoners to bring a successive § 2255 motion in limited circumstances as a petition for habeas corpus under 28 U.S.C. § 2241– and the Eleventh Circuit had not given Hardy permission to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (referring to 28 U.S.C. § 2244(a)(3)(B)). Hardy appealed, and the district court granted a certificate of appealability ("COA").

## II.

"The availability of habeas relief under § 2241 presents a question of law;" thus, this court conducts a *de novo* review. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).

## III.

Collateral attacks on the legality of a federal sentence typically must be brought under § 2255. *Id.* Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal name. *United States v. Jordan*, 915 F.2d 622, 624–25

4

(11th Cir. 1990). Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) (holding that the rule espoused in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners). Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . . . his motion is the equivalent of a second or successive motion . . . ." *Id.*

Hardy's first § 2255 motion brought a claim that he was improperly sentenced based on an inappropriate determination that he was a career offender. The district court denied the motion on October 26, 2004, and Hardy did not appeal. Hardy has now filed another motion to vacate his sentence and argues the exact same issue as in his first § 2255 motion. Though he masks this motion as a Rule 60(b) motion, it is attacking a previous rejection of the claim on the merits. Regardless of Hardy's label of the motion, it is a § 2255 challenge to the legality of Hardy's sentence. Therefore, it must be analyzed according to the rules set out in 28 U.S.C. § 2255 for second or successive motions.

5

A second or successive motion cannot be entertained by the district court unless it has first been certified by the appropriate court of appeals as containing

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2011). Hardy did not obtain this court's authorization for a second or successive § 2255 motion. Furthermore, this court would not be able to grant such authorization because Hardy cannot satisfy either requirement in § 2255(h). There is no argument that newly discovered evidence exists, and Hardy does not claim that he is innocent of the crime for which he was convicted. *See Gilbert*, 640 F. 3d at 1318. Therefore, the district court lacked subject matter jurisdiction to entertain this motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). However, § 2255(e) does contain a savings clause that will allow a federal prisoner to bring a second or successive habeas motion under 28 U.S.C. § 2241 in certain limited situations without fulfilling the requirements of 28 § 2255(h). 28 U.S.C. § 2255(e) (2011).

Pursuant to the savings clause found in § 2255(e), a second or successive § 2255 motion can be heard by a district court absent authorization by a court of

appeals if the federal prisoner can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Darby*, 405 F.3d at 945. In order to take advantage of the savings clause, the federal prisoner must file a § 2241 petition attacking his conviction and sentence. *Darby,* 405 F.3d at 945. However, "[t]he existence of the statutory bar on second and successive motions cannot mean that § 2255 is inadequate or ineffective to test the legality of [Hardy's] detention within the meaning of the savings clause." *Gilbert,* 640 F. 3d at 1308 (internal quotation marks omitted). As we recently decided in *Gilbert*, with facts strikingly similar to the current case, the savings clause of § 2255(e) does not permit a prisoner to bring a claim in a § 2241 petition that the Federal Sentencing Guidelines have been misapplied in determining his sentence if that claim is unavailable because of § 2255(h)'s bar on second or successive § 2255 motions. *Id.* at 1322–23.

Here, had *Archer* been decided at the time of Hardy's sentencing, he would not have been sentenced as a career offender; however, Hardy's motion seeks to assert or reassert a claim for relief and does not point out a defect in the earlier § 2255 proceeding. Therefore, it is an impermissible second or successive § 2255 motion that runs afoul of the bar on such motions absent authorization from the court of appeals. The statute precludes a different outcome despite the intervening

7

change in the case law interpreting the Federal Sentencing Guidelines. *Id.* at 1318.

Finally, some circuits have broadened the aforementioned "actual innocence" statutory exception found in §2255(h) by utilizing the savings clause in § 2255(e) to include those situations in which a federal prisoner is confined for an offense that subsequent case law determines does not constitute a crime. *Id.* at 1318–19. This court has also shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a "retroactively applicable, circuit law-busting decision" that "established that he had been convicted of a *nonexistent crime*." *Id*. at 1319 (citing *Wofford v. Scott*, 177 F. 3d 1236, 1242–45 (11th Cir. 1998)) (emphasis added). However, a jury of his peers convicted Hardy of two counts of possessing cocaine with intent to distribute, and no case law has determined that these offenses do not constitute crimes. Moreover, the "actual innocence" exception has only been applied to errors in sentencing when a "constitutional error resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed." *Sawyer v. Whitley*, 505 U.S. 333, 348–50, 112 S. Ct. 2514, 2523–25 (1992); *Gilbert*, 640 F. 3d at 1320. That is not the situation with which we are faced in the present case.

## IV.

For the aforementioned reasons we affirm the district court's judgment denying Hardy's Rule 60(b) motion to vacate.

**AFFIRMED.**