[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

No. 11-14058
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08021-JAL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS RANDOLF GLOVER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Glover filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his 360-month prison sentence for dealing crack cocaine. He eventually conceded that he was ineligible for relief under § 3582(c)(2) but filed a motion requesting that the district court construe his § 3582(c)(2) motion as a 28 U.S.C. § 2241 habeas corpus petition. The district court denied that motion, and Glover appeals, arguing that his § 3582(c)(2) motion "made it clear that [he] was challenging the fact that he was guilty of being a career offender."

## I.

A jury found Glover guilty of three counts of dealing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Based on Glover's 1984 Florida conviction for aggravated battery and his 1992 Florida conviction for selling crack cocaine, the presentence investigation report determined that he was a career offender under the sentencing guidelines. As such, and because he was subject to a maximum life sentence for each of his current convictions, the PSR recommended a total offense level of 37. Combined with Glover's criminal history category of VI, his applicable guidelines range was 360 months to life. Glover did not object to his career offender status, and the district court sentenced him to 360 months imprisonment on each count, with all to run concurrently. We affirmed Glover's conviction on direct appeal. United States v. Glover, No. 97-

4982 (11th Cir. July 6, 1998).

Over the course of the next six years, Glover filed three 28 U.S.C. § 2255 motions to vacate, set aside, or correct his sentence. He did not challenge the district court's finding that he was a career offender under the guidelines in any of those motions, and the court dismissed each one.

In February 2010, Glover filed a pro se motion requesting a reduction of his prison sentence under 18 U.S.C. § 3582(c)(2) based on retroactive guidelines amendments concerning crack cocaine. He attached the following handwritten note to his motion: "I am request for a attorney because my 198[4] aggravated battery is not crimes of violence." After the court appointed counsel, Glover conceded that he was not entitled to relief under § 3582(c)(2) because his guidelines range was based on his status as a career offender and not on the amount of drugs distributed in his drug deals. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).

Glover then filed a motion requesting that the district court construe his § 3582(c)(2) motion as a 28 U.S.C. § 2241 habeas corpus petition so that he could challenge the district court's finding that he was a career offender under the guidelines. The career offender enhancement requires that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled

substance offense." United States Sentencing Guidelines § 4B1.1(a) (Nov. 1996). He argued that he was not a career offender because his 1984 Florida conviction for aggravated battery was not a crime of violence. The court denied his motion, and this appeal followed.

## II.

We review de novo the availability of habeas relief under 28 U.S.C. § 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). "Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam). "When a prisoner has previously filed a § 2255 motion . . . , he must apply for and receive permission from us before filing a successive § 2255 motion." Id. at 945; see 28 U.S.C. § 2255(h). But § 2255 permits a federal prisoner to file a 28 U.S.C. § 2241 habeas corpus petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[C]onsequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby, 405 F.3d at 945.

The district court did not err in refusing to construe the § 3582(c)(2) motion as a § 2241 habeas corpus petition because Glover was not entitled to file such a

4

petition.  As he concedes, our decision in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), forecloses his claim.  In Gilbert, we held that § 2255(e) does not permit a "federal prisoner to challenge his sentence in a 28 U.S.C. § 2241 [habeas corpus] petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions."  Glover could not challenge his sentence based on his career offender status in a § 2255 motion because we have not granted him permission to file what would be his fourth § 2255 motion.  He thus cannot raise that same challenge in a § 2241 habeas corpus petition.

Glover also argues that the district court erred because it denied his motion for an evidentiary hearing to determine whether his aggravated battery conviction was a crime of violence.  Because Glover was not entitled to file a § 2241 habeas corpus petition challenging his sentence, the district court did not abuse its discretion in denying the motion to hold an evidentiary hearing.

**AFFIRMED.**