[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15791
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:10-cv-02673-ODE; 1:92-cr-00145-ODE-JMF-1


LORENZO E. FLINT, JR.,

                                                          Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 30, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Lorenzo Flint, Jr., a federal prisoner proceeding *pro se*, appeals the district court's order denying his 28 U.S.C. § 2241 habeas petition. On appeal, Flint argues that the district court erred in concluding that he could not proceed under § 2241 because his claims did not satisfy the savings clause of 28 U.S.C. § 2255(e). For its part, the government asserts that we must dismiss this appeal for lack of jurisdiction because Flint failed to obtain a certificate of appealability ("COA"). We conclude that we have jurisdiction over this appeal, but, for the reasons set forth below, we affirm the district court's denial of Flint's petition.

I.

Flint, a federal prisoner serving 360-month sentences for conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride, and possession with intent to distribute cocaine base, filed a *pro se* § 2241 habeas petition raising two grounds for relief. First, in Ground A of his petition, Flint asserted that the sentencing court should not have imposed a criminal history point for his 1986 Florida conviction because he was not represented by counsel in that proceeding. Although the sentencing court had found that he was, in fact, represented in that case, Flint explained that the sentencing court's determination was based on reports prepared by a docket clerk and a probation officer. Flint argued that the court's consideration of those documents violated *Shepard v.*

2

*United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), *Johnson v. United States*, 559 U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), and *United States v. Sneed*, 600 F.3d 1326 (11th Cir. 2010). In Ground B of his petition, Flint maintained that the sentencing court had violated *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)*,* by sentencing him under the "disparate and mandatory" crack cocaine guidelines.

The district court denied Flint's petition. The district court concluded that Flint could not bring a § 2241 petition because he could not satisfy the savings clause of 28 U.S.C. § 2255(e). With respect to Ground A, the district court noted that the Supreme Court case cited by Flint, *Johnson*, addressed the definition of "violent felony" under the Armed Career Criminal Act, not whether a district court is precluded from considering "non-judicial" documents in determining the nature of a defendant's prior conviction. The district court further observed that Flint could not rely upon *Sneed* because it was not a Supreme Court decision. The district court also noted that Flint could not bring a claim based on *Kimbrough* because such a claim would fall outside the one-year statute of limitations applicable to both § 2241 petitions and § 2255 motions.

Although Flint labeled his filing as a § 2241 petition, the district court concluded that he could not proceed under § 2241 because his claims did not

satisfy the savings clause. Therefore, the district court construed his petition as a 28 U.S.C. § 2255 motion. Since Flint had already filed a previous § 2255 motion, and had not obtained permission from this Court to file a second or successive motion, the district court denied Flint's petition. The district court declined to issue a COA.

Flint filed a notice of appeal and a motion for leave to proceed *in forma pauperis*, which we also construed as a motion for a COA. We ultimately denied the motion for a COA as moot, ruling that Flint did not need to obtain a COA because he was proceeding under § 2241. The government subsequently moved to dismiss Flint's appeal for lack of appellate jurisdiction, arguing that a COA was required because the district court had recharacterized Flint's § 2241 petition as a § 2255 motion. We ordered that the motion to dismiss be carried with the case.

## II.

We review our own jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Under the Antiterrorism and Effective Death Penalty Act, a federal prisoner must obtain a COA in order to appeal the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). On the other hand, a federal prisoner does not need a COA to appeal the denial of a § 2241 petition. *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

Here, although the district court construed Flint's § 2241 petition as a § 2255 motion, it did so only after concluding that Flint was not entitled to proceed under the savings clause. Thus, the real reason why the district court denied Flint's petition was because he could not bring his claims under § 2241. Because no COA is required to appeal the denial of a § 2241 petition, we may exercise jurisdiction over Flint's appeal. *See id*.

### III.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review *de novo*. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." *Id.* Under certain limited circumstances, however, the savings clause of § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241. *Id.* at 945. The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a federal prisoner may file a § 2241 petition

attacking his conviction and sentence if he can establish that the remedy provided under § 2255 is inadequate or ineffective in his case. *Darby*, 405 F.3d at 945.

In *Wofford*, we explained that three requirements must be satisfied before a federal prisoner may invoke the savings clause and bring a § 2241 petition. First, the prisoner's claim must be based on a retroactively applicable Supreme Court decision. *Wofford*, 177 F.3d at 1244. Second, that Supreme Court decision must establish that the petitioner was convicted for a nonexistent offense. *Id.* Third, the Supreme Court decision must overrule prior circuit precedent. *Id.* Moreover, we recently held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim . . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011), *petition for cert. filed*, (U.S. Aug. 17, 2011) (No. 11-6053).

Flint's *Shepard*, *Johnson*, and *Kimbrough* claims are foreclosed by *Gilbert*. Even assuming for the sake of argument that the sentencing court erred in calculating Flint's criminal history and in sentencing him under the crack cocaine guideline, Flint's 360-month sentences did not exceed the applicable statutory maximum term of life imprisonment. S*ee* 21 U.S.C. § 841(b)(1)(A) (1993) (Flint possessed over 50 grams of cocaine base, and, therefore, was subject to a statutory

6

maximum sentence of life imprisonment).  Therefore, the district court properly concluded that Flint could not proceed under the savings clause.  *See Gilbert,* 640 F.3d at 1323.

Accordingly, after review of the record and the parties' briefs, we affirm the denial of Flint's § 2241 petition.

**AFFIRMED.**