[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15119
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-00026-LGW-JEG


SHERMAN DIONNE CHESTER,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Georgia

_____

(January 13, 2014)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Sherman Dionne Chester, a federal prisoner proceeding pro se and in forma

pauperis, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ

of habeas corpus, in which he argued that his concurrent sentences of life imprisonment for violations of 21 U.S.C. §§ 841 and 846 were improper because his two predicate Florida convictions for possession of cocaine no longer qualified as "felony drug offenses" for the purpose triggering a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A).  After review, we vacate and remand with instructions to dismiss the § 2241 habeas petition for lack of subject matter jurisdiction.

## I.    BACKGROUND

### A.    Convictions and Direct Appeal

After a 1993 jury trial in the federal court in the Middle District of Florida, Chester was convicted of fourteen counts of conspiracy to possess and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Generally, the statutory penalty for such offenses was "not . . . less than 10 years or more than life" imprisonment.  See 21 U.S.C. § 841(b)(1)(A).  Thus, without any enhancements, Chester's federal convictions alone subjected him to statutory maximum penalties of life imprisonment.

However, prior to trial, the government filed a 21 U.S.C. § 851 notice of its intent to seek an enhanced penalty of mandatory life imprisonment under 21 U.S.C. § 841(b) based on Chester's prior felony drug convictions.  The government's § 851 notice listed two separate third-degree Florida state court

2

felony convictions for possession of cocaine in violation of Florida Statutes § 893.13.

Based on his two prior felony drug-possession convictions in Florida and the quantity of drugs[1] attributed to Counts 1 and 2 of his 1994 federal convictions, Chester faced a <u>mandatory</u> sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).[2] Due to this statutory requirement, the sentencing court sentenced Chester to terms of life imprisonment for Counts 1 and 2. The court also sentenced to Chester to concurrent 360-month sentences on the remaining counts. This Court affirmed Chester's convictions and sentences on direct appeal.

## B.    Prior § 2255 Motions

Subsequently, Chester moved to vacate, correct, or set aside his convictions pursuant to 28 U.S.C. § 2255. The district court denied that motion, and this Court dismissed Chester's § 2255 appeal for want of prosecution for failure to pay filing fees. Chester filed another motion to set aside his convictions. The district court

---

[1]On appeal, the government represents that, at sentencing, Chester was held accountable for 4.8 kilograms of heroin and 116.5 kilograms of cocaine for Counts 1 and 2.

[2]Pursuant to 21 U.S.C. § 841(b)(1)(A), a defendant convicted under § 841(a) based on a drug quantity greater than one kilogram of heroin or five kilograms of cocaine faced a statutory penalty between ten years' and life imprisonment. If a defendant convicted under § 841(a) also had one prior felony drug conviction, his sentencing range was between twenty years' and life imprisonment. And, if a defendant convicted under § 841(a) had two prior felony drug convictions (as Chester did), he faced a <u>mandatory</u> sentence of life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A).

3

construed that motion as a successive § 2255 motion and dismissed it for failure to seek authorization from this Court to file a successive § 2255 motion. This Court denied Chester's motion for a certificate of appealabiltiy.

## C.    Current § 2241 Petition

Most recently, Chester filed a petition for writ of habeas corpus in the Southern District of Georgia pursuant to 28 U.S.C. § 2241. In his petition, Chester asserted that he should not have received life sentences because the two prior felony drug convictions described in the government's § 851 notice and relied on by the sentencing court are "now non-qualifying punishable felony conviction[s] under federal law for enhancement purposes."

The district court declined to decide whether Chester could bring his § 2241 petition under the savings clause[3] in 28 U.S.C. § 2255(e). Instead, the district court decided Chester's petition on the merits and concluded that the 21 U.S.C. § 841(b)(1)(A) sentencing enhancement was properly applied because the two Florida convictions listed in the government's § 851 notice were qualifying felony drug offenses. Specifically, the district court noted that even though the written judgments documenting Chester's two Florida cocaine-possession convictions failed to list the particular subsection of Florida Statutes § 893.13 under which

---

[3]The last twenty words in 28 U.S.C. § 2255(e) are known collectively as the "savings clause."

Chester was convicted, the judgments clearly stated that Chester was convicted of third-degree felonies on both occasions.  The district court then observed that, pursuant to Florida Statutes §§ 893.13(1)(a)(2) and 893.13(6)(a), actual or constructive possession of cocaine is punishable "by a term of imprisonment not exceeding 5 years."  See Fla. Stat. § 775.082(3)(d).  Because Chester's two Florida convictions were for felony drug offenses that were punishable by up to five years' imprisonment, the district court found that those convictions were qualifying felony drug convictions and that the enhanced penalty was properly applied in Chester's case.

Chester now appeals.  On appeal, Chester argues that the district court erred because the written Florida judgments documenting his prior Florida felony drug offenses were ambiguous as to the statutory subsection under which he was convicted.  According to Chester, it was not clear whether the drug convictions were felonies under state law, and, thus, they did not qualify as "felony drug offenses" under 21 U.S.C. § 841(b)(1)(A).  Therefore, Chester argues that the sentencing court improperly applied the mandatory life imprisonment sentencing enhancement under § 841(b)(1)(A).

On appeal, the government contends that § 2255(e) denied the district court subject matter jurisdiction to consider the merits of Chester's § 2241 petition.  Specifically, the government asserts that Chester did not satisfy the requirements

5

of the savings clause in § 2255(e) because he was not sentenced above the statutory maximum penalty, as required by our holding in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012).

## II.    DISCUSSION

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).

Typically, a collateral attack on the validity of a federal sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). However, under narrow, limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the so-called "savings clause."

6

The applicability of the savings clause is a threshold jurisdictional issue. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339-40 (11th Cir. 2013) ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.")

Chester previously filed an unsuccessful § 2255 motion. He has not obtained this Court's permission to file a second or successive § 2255 motion. Consequently, Chester's only available avenue for collateral relief in a § 2241 petition is through § 2255(e)'s savings clause. See 28 U.S.C. § 2255.

In our en banc decision in Gilbert, we held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." 640 F.3d at 1323. We concluded that, "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312; see also id. at 1295 (holding that a federal prisoner cannot "use a habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum.").

Chester was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846. Given the quantity of drugs underlying his convictions, Chester was subject to a term of

imprisonment of "not . . . less than 10 years or more than life." See 21 U.S.C.

§ 841(b)(1)(A).[4]  Because Chester had two prior felony drug convictions in

Florida, his statutory penalty was enhanced to a "mandatory term of life

imprisonment without release." Id.

Based on the clear language of § 841(b)(1)(A), Chester faced a statutory

maximum penalty of life imprisonment even before his prior Florida felony drug

convictions were considered.  Because Chester received a life sentence, he was not

sentenced above the statutory maximum penalty.  Consequently, the savings clause

in § 2255(e) does not apply to Chester's claim, and the district court lacked

jurisdiction to address his § 2241 petition.  Gilbert, 640 F.3d at 1312.  Further, the

Court's recent holding in Bryant v. Warden, FCC Coleman - Medium, No. 12-

11212, __ F.3d ___, 2013 WL 6768086, at *19 (11th Cir. Dec. 24, 2013) does not

apply to Chester's § 2241 petition because the statutory maximum penalty for

Chester's underlying federal convictions was always life imprisonment, even

without considering his prior Florida felony drug convictions.

We do recognize that Chester's prior Florida felony drug convictions, in

effect, triggered a statutory mandatory minimum sentence because they caused his

---

[4]Chester does not allege error in the amount or type of drugs attributed to him for purposes of calculating the appropriate statutory penalties under § 841(b).  Chester only argues that his predicate convictions were non-qualifying felonies.

statutory maximum sentence of life imprisonment to change to a mandatory life sentence.  To the extent that Chester attempts to argue that he faced an improper statutory <u>minimum</u> penalty in light of the Supreme Court's recent decision in Alleyne, his claim fails for several reasons.  See <u>Alleyne v. United States</u>, 570 U.S. ___, ___, 133 S. Ct. 2151, 2155 (2013) (extending <u>Apprendi</u> to statutory <u>minimum</u> penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury").

First, <u>Almendarez-Torres</u>, 523 U.S. 224, 118 S. Ct. 1219 (1998), is the governing law in this case.  See <u>Alleyne</u>, 133 S. Ct. at 2160 n.1 (noting that the Supreme Court was not revisiting <u>Almendarez-Torres</u>); <u>United States v. Dowd</u>, 451 F.3d 1244, 1253 (11th Cir. 2006) (recognizing that this Court is "bound by <u>Almendarez-Torres</u> until it is explicitly overruled by the Supreme Court").  Under <u>Almendarez-Torres</u>, recidivism is <u>not</u> an element of an offense that must be proved to a jury beyond a reasonable doubt.  523 U.S. at 247, 118 S. Ct. at 1233. Consequently, the prior Florida drug convictions, that made Chester's statutory minimum penalty of life imprisonment a mandatory minimum life sentence, were not elements of his offenses and need not have been proven to a jury.  See <u>id.</u> at 235, 118 S. Ct. at 1226.

Second, because it is based on the <u>Apprendi</u> rule, <u>Alleyne</u>'s rule does not apply retroactively on collateral review.  See <u>Dohrmann v. United States</u>, 442 F.3d

1279, 1281-82 (11th Cir. 2006); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) ("[W]e hold that the new constitutional rule of criminal procedure announced in <u>Apprendi</u> does not apply retroactively on collateral review."). Consequently, Chester cannot collaterally challenge his convictions—which became final long before <u>Apprendi</u> and <u>Alleyne</u> were decided—based on the qualifying nature of his predicate felonies.  <u>See</u> 28 U.S.C. 2255(h) (applying to new rules of constitutional law "made retroactive to cases on collateral review by the Supreme Court"); <u>Bryant</u>, 2013 WL 6768086, at *19 (requiring, among other things, that the new rule announced by the Supreme Court to apply retroactively on collateral review).

Accordingly, we vacate and remand with instructions for the district court to dismiss Chester's § 2241 habeas petition for lack of subject matter jurisdiction.

**VACATED AND REMANDED.**

10