[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15207
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:01-cr-00377-JIC-2

ROBERTO FERNANDEZ CUESTA,
a.k.a. Roberto Fernandez Cuerto,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In *United States v. Gunn*, 369 F.3d 1229 (11th Cir. 2004), we affirmed petitioner's convictions and sentences for a drug trafficking conspiracy and related crimes. On June 10, 2005, petitioner moved the district court pursuant to 28 U.S.C. § 2255 for relief from his convictions and sentences. The court denied his motion. Six months later, he again moved the district court for relief. The court construed his motion as a successive § 2255 motion and denied it because he had not obtained leave of this court to file it.

On August 16, 2010, petitioner, proceeding *pro se*, moved the district court "To Reopen Sentence Pursuant to Law of the Case Doctrine." The court construed the motion as a motion filed pursuant to § 2255 and denied it. He now appeals the ruling.

In his brief, petitioner first seeks to escape the procedural posture of his case by requesting that we grant him a *nunc pro tunc* authorization to bring a second or successive habeas petition because of a "recent change" in the law of sentencing. He urges us "to grant leave to raise the claims included in his motion to re-open sentence, whether it be considered a successive 2255 motion, a request for relief similar to the old rule 35 . . . or a 2241 habeas petition under the purview of the savings clause in 2255." In his reply brief, he characterizes his motion as more akin to a motion under 18 U.S.C. § 3582(c) than a 28 U.S.C. § 2255 motion.

2

Elaborating on the merits of his appeal, petitioner maintains that his New Jersey state conviction for possession with intent to distribute heroin in a school zone was not a final conviction for purposes of a career offender sentencing enhancement. He further contends that he is "'actually innocent'" of the life sentences that were imposed for his drug trafficking convictions for various reasons. He asserts that his arguments relate to the fundamental legality of the sentences such that, pursuant to the savings clause in § 2255, habeas relief under § 2241 is warranted.

"In an appeal challenging a § 2255 ruling, we review legal issues *de novo* and factual findings for clear error." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). We review *de novo* the availability of habeas relief under § 2241. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy*, 634 F.3d at 1306. Thus, to collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255. *See Darby*, 405 F.3d at 944. A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to

3

consider such a motion.  *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244.  Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Section 2255(e)—the "savings clause"—"permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of the detention." *Darby*, 405 F.3d at 945 (quotation omitted).  Statutory restrictions on "successive § 2255 motions, standing alone, do not render that section inadequate or ineffective within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by" requesting relief under § 2241.  *Id.* (quotation omitted).  Thus,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

*Id.* (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

In this case, the district court correctly construed petitioner's motion to reopen sentencing as a motion brought under § 2255 because he sought to

4

collaterally attack the validity of his life sentences long after his convictions became final. *See Darby*, 405 F.3d at 944 (stating that, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255."). The motion was a successive § 2255 motion because, as indicated above, on June 10, 2005, petitioner filed an unsuccessful § 2255 motion, and six months later, he filed another unsuccessful motion which the district court construed as a second or successive motion under § 2255. Petitioner did not request or receive permission from this court to file the instant second or successive § 2255 motion and the district court, therefore, lacked jurisdiction to consider the motion. *See Farris*, 333 F.3d at 1216.

Petitioner's arguments do not warrant relief under § 2241 via the savings clause in § 2255 because they simply "attempt to circumvent the [Antiterrorism and Effective Death Penalty Act's] restrictions on successive § 2255 motions." *Darby*, 405 F.3d at 945. Petitioner's brief is devoid of any suggestion that he was convicted for a non-existent offense. Therefore, his contentions are insufficient "to open a portal to a § 2241 proceeding." *See id.* (quotation omitted).

Finally, we refuse to address petitioner's argument that his instant motion was akin to a motion under 18 U.S.C. § 3582(c) because he raises the argument for the first time in his reply brief. *See United States v. Magluta*, 418 F.3d 1166, 1187

5

(11th Cir. 2005) (stating that "an appellant may not raise an issue for the first time in a reply brief.").

AFFIRMED.