**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4709-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARIO MADRIGAL,

     Defendant-Appellant.

_____

Submitted August 27, 2019 – Decided September 6, 2019

Before Judges Gilson and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 96-05-0882.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard W. Bailey, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mario Madrigal appeals from a May 3, 2018 order denying his petition for post-conviction relief (PCR) after oral argument, but without an evidentiary hearing. We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

I.

In 1995, an Atlantic County grand jury returned Indictment No. 96-05-0882, charging defendant with three crimes related to his possession of a controlled dangerous substance (CDS). Those charges included third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and third-degree possession of heroin with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7.

On May 14, 1996, defendant pled guilty to third-degree possession of heroin with intent to distribute within 1000 feet of school property. In exchange for his guilty plea, the State agreed to recommend a probationary sentence conditioned on 364 days in jail. The court accepted the plea, informed defendant his sentencing was scheduled for July 12, 1996, and released him on his own recognizance. Defendant did not appear for sentencing.

A-4709-17T4

Approximately five years later, defendant was arrested in Florida and charged with federal drug trafficking and firearms offenses. In 2002, he was convicted of conspiracy to possess cocaine with intent to distribute five kilograms or more, 21 U.S.C. § 846; attempted possession of cocaine with intent to distribute five kilograms or more, 21 U.S.C. § 846; conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(o); and using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). On those convictions, defendant was sentenced to federal prison for life and sixty months.

In August 2005, defendant filed a pro se petition for PCR on his New Jersey conviction. The Law Division denied that petition, finding defendant had never been sentenced after the entry of his guilty plea. Defendant appealed.

On February 22, 2006, we remanded the matter to the Law Division, and instructed the court to sentence defendant and noted that after his sentencing, defendant could "file a direct appeal from the judgment of conviction." Order Remanding for Sentencing, State v. Madrigal, No. A-1737-05 (App. Div. Feb. 22, 2006).

On March 23, 2007, the sentencing court held a hearing at which defendant informed the court that before his plea hearing, counsel had informed

him the "charge would be downgraded to just a simple possession." Defendant also alleged that plea counsel did not speak Spanish and another inmate had interpreted the terms of the plea agreement for defendant. The sentencing court rejected defendant's claims and informed him that if he wanted to pursue his allegations against plea counsel, he would have to do so "on appeal." The court then sentenced defendant to five years in prison on the charge of third-degree possession of heroin with intent to distribute within 1000 feet of school property. In imposing that sentence, the court explained it was deviating from the plea agreement based on defendant's violation of the plea terms by failing to appear for sentencing in 1996. The court then dismissed the two remaining charges on the indictment.

Defendant filed a direct appeal challenging his sentence. On February 11, 2008, we affirmed defendant's conviction and sentence. Order Affirming Judgment, State v. Madrigal, No. A-5263-06 (App. Div. Feb. 11, 2008).

In July 2014, defendant filed a pro se petition for PCR. He was assigned counsel, who filed a supplemental brief. Without hearing oral argument, the PCR court issued a February 22, 2016 order and written decision denying defendant's petition.

Defendant appealed the denial of that PCR petition. On August 2, 2017, we reversed and remanded, instructing the PCR court to explain "why oral argument is unnecessary; or alternatively, for reconsideration of the petition after entertaining oral argument." State v. Madrigal, No. A-2990-15 (App. Div. Aug. 2, 2017) (slip op. at 2-3).

On remand, defendant submitted an undated certification in which he asserted that he is able to understand "very little English" and could not communicate directly with plea counsel before entering his guilty plea. He also certified that plea counsel had "used another inmate to translate and communicate with" him, and that the inmate had informed defendant he "would only be pleading guilty to possession of drugs and not possession with intent to distribute." Defendant further certified that during the plea hearing, he was unable to communicate with or understand the judge and plea counsel because no interpreter was present. He maintained that he answered "yes" to the judge's questions solely because plea counsel had told him to do so during their earlier meeting.

In March 2018, the PCR court held oral argument on defendant's PCR petition. Thereafter, the court issued a May 3, 2018 order and written decision denying defendant's PCR petition. In its decision, the court found the PCR

petition was time-barred by <u>Rule</u> 3:22-12(a)(1) because it was filed more than five years after the entry of the 2007 judgment of conviction and defendant had not demonstrated excusable neglect. The PCR court also addressed the merits of the petition and found defendant had not established that he required an in-court interpreter or that "he was forced to utilize a fellow bilingual inmate as an interpreter while discussing his case with trial counsel at prison." The PCR court concluded that defendant had not presented a prima facie case of ineffective assistance of counsel and, thus, was not entitled to an evidentiary hearing.

II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> <u>POINT I</u> – THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> <u>POINT II</u> – THE COURT MISAPPLIED ITS DISCRETION IN APPLYING <u>R.</u> 3:22-12 AS A PROCEDURAL BAR AGAINST THE DEFENDANT'S FILING FOR POST-CONVICTION RELIEF.

6

Where, as here, a PCR court does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). The record here establishes that defendant's PCR petition is time-barred and lacks substantive merit.

A.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A). Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that when a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standards for relaxing

the rule's time restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant]'s claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Here, defendant's judgment of conviction was entered on March 23, 2007. Under Rule 3:22-12(a)(1), defendant had until March 23, 2012, to file his PCR petition.[1] Defendant, however, filed his PCR petition in July 2014, more than two years beyond the five-year time limit. Defendant argues there was excusable neglect for the late petition based on his limited ability to understand and communicate in English, his restricted access to legal materials in federal prison, and the misadvice he received from the sentencing court. We are not persuaded by any of these arguments.

---

[1] Defendant filed a PCR petition in August 2005. That petition was never addressed on the merits because defendant had not been sentenced. Thus, we treat defendant's petition filed on July 30, 2014, as his first petition.

A-4709-17T4

Any filing difficulty defendant faced due to his alleged "limited ability" to understand English does not constitute excusable neglect sufficient to relax the five-year filing deadline. See State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999) (holding a defendant's "conclusory statement in his [or her] certification that he [or she] has difficulty reading and writing" and, thus, was unaware that he or she "could move for post-conviction relief[,] does not establish excusable neglect"). Accordingly, even if we were to conclude that defendant lacked competency in English, a contention belied by the record, his limited ability to understand English does not excuse the delay in filing his PCR petition. Ibid.

Next, defendant claims that he was restricted in accessing New Jersey state law materials based on his incarceration in federal prison. That contention also fails because "[i]gnorance of the law and rules of court does not qualify as excusable neglect [under Rule 3:22-12(a)(1)(A)]." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003).

Finally, the record here does not support a finding of excusable neglect. At sentencing, the court rejected defendant's claims that he had never understood the nature of the charge to which he had pled guilty. The court then informed

defendant that if he wanted to pursue his plea-related claims, he would have to do so "on appeal." Thereafter, defendant filed a direct appeal of his sentence. Appellate counsel for defendant appropriately declined to raise the issues concerning plea counsel on direct appeal. Nonetheless, appellate counsel noted that defendant was reserving "his right to pursue whatever challenge by way of post-conviction relief[.]"

On February 11, 2008, we decided defendant's direct appeal and affirmed his sentence. Accordingly, by February 2008, defendant was on notice that any claims he had concerning plea counsel's performance had not been decided as part of his appeal. Defendant has provided no explanation as to why he was unable to file a timely PCR petition between the dates of our decision in February 2008, through the five-year filing deadline in March 2012. Without such an explanation, he cannot show excusable neglect. Indeed, the record suggests the converse. Namely, that defendant was capable of filing a PCR petition during that time, as he filed an analogous pro se petition in federal court in August 2010. See Cuesta v. United States, 429 F. App'x 880, 880-81 (11th Cir. 2011).

Furthermore, the sentencing court's omission of the PCR filing deadlines does not constitute excusable neglect. When the court sentenced defendant in

10

2007, courts had no obligation to inform a defendant concerning the filing deadline for a PCR petition. See Pressler & Verniero, Current N.J. Court Rules, History and Analysis of Rule Amendments to R. 3:21-4, www.gannlaw.com (2019). Moreover, as we have already explained, ignorance of court rules does not constitute excusable neglect. Merola, 365 N.J. Super. at 218.

B.

Next, defendant is unable to show that enforcement of the time bar would result in a reasonable probability of fundamental injustice, as he has not demonstrated a prima facie case of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration

11

in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Moreover, a defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel.  Cummings, 321 N.J. Super. at 170.

Defendant argues plea counsel was ineffective for relying on an inmate to interpret the terms of the plea agreement to defendant, and for not requesting an interpreter at the time of defendant's plea hearing.  He also contends his sentencing counsel was ineffective for failing to advance his request to withdraw his guilty plea based on the alleged errors of plea counsel.  We hold that defendant has not established a prima facie claim of ineffective assistance of plea counsel or sentencing counsel.

Contrary to the assertions in his belated certification, the record establishes that defendant was able to understand and communicate in English at the time of his plea.  Specifically, the transcript from his plea hearing, his 2010 federal pro se filing, and his pro se filings in this case, all highlight defendant's English competency.  Concerning the plea hearing, the court and defendant engaged in the following exchange.

> THE COURT:  How old are you, sir?
>
> THE DEFENDANT:  Twenty-nine.

12

THE COURT:  . . . [W]hat's your address?

THE DEFENDANT:  14 South Florida Avenue, apartment number two.

THE COURT:  Your lawyer has told me, . . . that you want to enter a plea voluntarily to count three of your indictment at this time, is that true?

THE DEFENDANT:  Yes, sir.

Thereafter, the court asked several questions related to the details of the underlying offense and defendant answered.

THE COURT:  Were you in Atlantic City when this happened?  Where did it happen?

THE DEFENDANT:  I was going to Virginia Avenue, I was at Virginia Avenue.

THE COURT:  All right.  At Virginia Avenue.  Did you possess heroin on that date, April 3rd?

THE DEFENDANT:  Yes.

THE COURT:  Did you know it was heroin?

THE DEFENDANT:  I knew.

THE COURT:  Was it your heroin?

THE DEFENDANT:  Yes, sir.

        . . . .

THE COURT:  Where was it . . . ?  Where was it, in the car, in a house or in your pocket, where?

13

THE DEFENDANT:  It was in my pocket.

    . . . .

THE COURT:  What were you intending to do with that heroin?

THE DEFENDANT:  To sale.

THE COURT:  Sale.  You were going to sell it?

THE DEFENDANT:  Yes.

THE COURT:  Was it within one thousand feet of a school?

THE DEFENDANT:  Yes.

THE COURT:  What school?

THE DEFENDANT:  I don't know the name of the school.

The court then discussed the consequences of entering a guilty plea with defendant, confirming defendant understood how the plea agreement would affect him.

THE COURT:  Now. . . do you understand that you don't have to plead guilty, that you have the right to have a trial before a jury of [twelve] people?

THE DEFENDANT:  I understand.

    . . . .

THE COURT:  Were any promises or threats made by your lawyer or by anybody to force you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  The plea agreement recommends a sentence of probation and no more than 364 days in jail, in the county jail, provided that you don't have convictions for prior crimes.

THE DEFENDANT:  No, no.

THE COURT:  Do you understand what I'm saying?

THE DEFENDANT:  I know, yes.

. . . .

THE COURT:  Do you want to ask me any questions?

THE DEFENDANT:  No, that's okay.

THE COURT:  Where are you going to be living, . . . , when you get out of jail today?  Where are you going to live?

THE DEFENDANT:  The address [is] 14 South Florida Avenue.

. . . .

THE COURT:  Who lives there with you?

THE DEFENDANT:  That's my brother-in-law.

. . . .

THE COURT:  Who else?  Do you have a wife?

THE DEFENDANT:  I got a wife, yes, sir.

THE COURT:  Do you live with her?

THE DEFENDANT:  No.

THE COURT:  Do you have children[?]

THE DEFENDANT:  Yes, sir, two children.

THE COURT:  Where are the children?  Where are they living?

THE DEFENDANT:  Living?

THE COURT:  Yes, where do they live?  The children, where do they live?

THE DEFENDANT:  Oh, the children they don't live in Atlantic City, they live in Puerto Rico.

Viewed in its entirety, the plea colloquy reveals that defendant was able to understand and respond to all of the court's questions.  In his certification, defendant maintains he answered "yes" to the judge's questions because plea counsel had advised him to do so.  Yet, throughout the plea hearing, defendant repeatedly provided the court with answers that exceeded a simple "yes" response.  In sum, defendant's statements at the plea hearing combined with his demonstrated ability to file pro se PCR petitions in English before this court and the federal district court belie the self-serving statements in his certification.

16

Accordingly, defendant has not shown plea counsel was deficient, as the record demonstrates defendant did not require an interpreter to understand the terms of his plea agreement.

Similarly, defendant has not shown that his counsel at sentencing was deficient in refusing to advance his request to withdraw his guilty plea. There was no evidence supporting that request. Thus, defendant has not shown a reasonable probability that the motion to withdraw would have been successful. See State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

### C.

We also reject defendant's claim that the PCR court erred in not conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a PCR petition only when he or she establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record[.]" State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). As we have previously detailed, the existing record in this case provided an adequate basis for the finding that defendant did not

17

establish a prima facie case of ineffective assistance of counsel and, therefore, an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4709-17T4